**L.G. BALFOUR COMPANY, INC., Plaintiff,**

v.

**Albert N. DRAKE, George E. Copeland, Jr., Doug Kearney, Henry Flowers, Benjamin Allen, III, James Underwood, Greg Williams, Michael Mills, James Nix, Campus Supply Company, Inc., and National Awards, Inc., Defendants.**

**Civ. A. No. J88–0493(B).**

United States District Court, S.D. Mississippi, Jackson Division.

Nov. 4, 1988.

Neville H. Boschert ánd Paul W. Crutcher, Watkins Ludlam & Stennis, Jackson, Miss., W. Wayne Drinkwater, Paula Graves, Butler, Snow, Omara, Stevens & Cannada, Jackson, Miss., Marjorie S. Cooke, Hilary S. Schultz, Goodwin, Procter & Hoar, Boston, Mass., for L.G. Balfour Co., Inc.

Thomas A. Cook, Charles G. Copeland, Copeland Cook Taylor & Bush, Jackson, Miss., for Albert N. Drake, George E. Copeland, Campus Supply Co., Inc. and Nat. Awards, Inc.

Christopher A. Shapley, John E. Wade, Jr., Brunini Grantham Grower & Hewes, Jackson, Miss., for Doug Kearney, Benjamin Allen, III, Greg Williams, Michael Mills and James Nix.

James L. Martin, Martin Young & Wright, Jackson, Miss., for James Underwood and Henry Flowers.

### ORDER

BARBOUR, District Judge.

L.G. Balfour Co., Inc. ("Balfour") has come before this Court asking that it grant a temporary restraining order and preliminary injunction to create a constructive trust over funds now held by the Defendants. The Defendants currently hold approximately $1,398,473 received from the sale of rings and other merchandise produced by Balfour. Defendants assert claims for damages, as a result of a contract breach by Balfour, which they believe to be a set-off of any debt owed by them to Balfour. However, they do not dispute that a debt of some amount exists. The Court has considered the pleadings, briefs, affidavits, and exhibits submitted by the parties relating to all motions now pending in this case. For reasons set forth below, the Motion for Second Preliminary Injunction is denied.

The Court looks initially to the availability of a constructive trust through preliminary injunction. The Supreme Court considered the suitability of injunctive sequestration of funds to protect a final judgment in *De Beers Consolidated Mines v. United States*, 325 U.S. 212, 65 S.Ct. 1130, 89 L.Ed. 1566 (1945). The Court found that an injunction was not authorized by the urges of equity unless the preliminary relief was of the same character as that which "may be granted finally." *De Beers*, 325 U.S. at 220, 65 S.Ct. at 1134. The Court refused to look to any but the most essential relief likely in the case, otherwise

> [e]very suitor who resorts to chancery for any sort of relief by injunction may, on a mere statement of belief that the defendant can easily make away with or transport his money or goods, impose an injunction on him, indefinite in duration, disabling him to use so much of his funds or property as the court deems necessary for security or compliance with its possible decree. And, if so, it is difficult to see why a plaintiff in any action for a personal judgment in tort or contract may not, also, apply to the chancellor for a so-called injunction sequestrating his opponent's assets pending recovery and satisfaction of a judgment in such a law action. No relief of this character has been thought justified in the long history of equity jurisprudence.

*De Beers*, 325 U.S. at 222, 65 S.Ct. at 1135.

The Fifth Circuit has applied *De Beers* in two recent appeals of the grant of injunctions based on findings of constructive trusts by district courts. In *Federal Savings & Loan Insurance Corporation v. Dixon*, 835 F.2d 554 (5th Cir.1987), the

court found that a suit in equity against bank officers who had defrauded their customers would allow the creation of a trust to protect investors' assets from dissipation through the officers' imminent bankruptcy, provided the four standards for preliminary injunction were met. *De Beers* was later applied to vacate an injunctive constructive trust created to prevent defendants, charged with fraud, from dissipating assets prior to a judgment under the RICO statute, even though the defendants might be "scoundrels who would try to escape judgment." *In re Fredeman Litigation*, 843 F.2d 821 (5th Cir.1988).

In this case, Balfour seeks to reach two separate goals: enforcement of a non-compete clause and payment for rings and other products it has sold in Mississippi. Although the remedy of the first goal, enforcement of the non-compete clause, is equitable, that remedy is unrelated to the request for constructive trust. The remedy of the second goal, payment for products sold, is at issue here. Despite the recharacterization of its claims in the amended complaint, Balfour seeks to enforce a contractual duty to pay for its merchandise. The remedy for breach of this duty is ascertainable in damages and interest which can be calculated from Balfour's own records. Were this a final adjudication, the creation of a constructive trust would be unnecessary. The remedy would simply be damages. Balfour seeks to reach these damages ahead of a judgment through an artifice of equity. This will not do. Balfour has requested equitable relief of a character which this Court may not grant.

However, even if the Court were to find that the relief Balfour requests could be granted, Balfour has failed to satisfy the requirements for injunctive relief for this claim. Balfour would have to show that it has a substantial likelihood of prevailing on the merits of its claim, that it is likely to suffer irreparable injury if the injunction is not granted, that the threatened injury to Balfour outweighs the threatened harm to the Defendants from the injunction, and that granting the injunction would not disserve the public interest. *In re Fredeman*,

843 F.2d at 824. Were this test to be applied, Balfour would fail to satisfy it.

In order to show a substantial likelihood of prevailing on the merits, Balfour would have to show that a fiduciary relationship exists between the parties. This relationship would, to have any significance, require duties in excess of those created by the contract. Otherwise, liability for the breach of the fiduciary duty could not exceed the liability for the breach of the contractual duty. Balfour must then show that the Defendants have breached a specific fiduciary duty. This duty must be of such a nature that an equitable remedy is available which will make whole the party wronged by the breach. Finally, Balfour must show that the nature of the duty, the breach and the available remedy would move the judge to exercise his discretionary powers in equity to grant this extraordinary relief. Balfour claims that the Defendants are fiduciaries who have an independent obligation to satisfy their contractual duties, that their fiduciary responsibility is greater than the contractual obligation to pay their debts, and that the debts are in fact an obligation to pay money which is Balfour's property.

However, Balfour has not introduced sufficient evidence to defeat a presumption that the parties were both commercial entities, contracting from a level position. Nor has it shown that the control of money received from students was not credit given to the Defendants as consideration for their continued services. Balfour was unable to prove its ownership of the money. Finally, Balfour has not shown that a trust, or any other form of equitable relief, would be required in a final order. While this is the threshold question for the availability of equitable injunctive relief, it is also a central question in considering the likelihood of prevailing on the merits. The claim on which Balfour must prevail here, the creation of a constructive trust, would simply not exist in a final adjudication. Were this Court to consider granting a preliminary injunction to create a constructive trust, it would not do so. Balfour has

failed to present sufficient evidence to justify such an injunction.

Since Plaintiff fails to carry its burden of showing a substantial likelihood of success on the merits, it is unnecessary to consider the other elements necessary for granting injunctive relief.

IT IS THEREFORE ORDERED THAT the application for a second temporary restraining order and preliminary injunction presented to this Court by L.G. Balfour Company is denied.

SO ORDERED.